**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3744-20

LEO ADRIAENSSENS
AND LUCIA GUARINI-
ADRIAENSSENS,

     Plaintiffs-Respondents,

v.

JEANETTE JIMENEZ, CIFELLI
& SON GENERAL CONTRACTING,
INC., CRAIG WRIGHT, MD,
JOHN CALLAGHAN, MD,
NORTHLANDS ORTHOPEADIC
INSTITUTE, ALINE DANG, DO,
ST. JOSEPH'S UNIVERSITY
MEDICAL CENTER, MICHAEL
POMPLIANO, MD, AND MATTHEW
J.  KRAEUTLER, MD,

     Defendants-Respondents,

and

JAMSHED ZUBERI, MD, ERIC
JESSE HWANG, DO, LOURDES
VERRONE, RN, TERESA MAGRINI,
RN, SUSAN REYES, RN, LATASHA
MIDDLEBROOK, RN, AND
SHANZIDA ALI, RN,

Defendants-Appellants.

_____

Argued January 5, 2022 – Decided February 23, 2022

Before Judges Whipple and Geiger.

On appeal from an interlocutory order from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6022-20.

David Donohue argued the cause for appellants (Farkas & Donohue, LLC, attorneys; David Donohue, of counsel; Robert G. Veech, III, on the briefs).

Steven I. Greene argued the cause for respondents Leo Adriaenssens and Lucia Guarini-Adriaenssens (Offices of Steven I. Greene, attorneys; Steven I. Green, on the brief).

PER CURIAM

On November 2, 2018, plaintiff Leo Adriaenssens, fell in Montclair, New Jersey, and was treated at St. Joseph's University Medical Center (St. Joseph's) in Paterson. Plaintiffs, collectively Leo and Lucia[1] Adriaenssens, sued St. Joseph's and various doctors and nurses, alleging their negligence, in part from delaying surgery, caused a deep vein thrombosis in both lower extremities and a bilateral pulmonary embolism,

_____

[1] Lucia asserted a per quod claim.

resulting injuries, suffering, and loss of companionship. They filed their original complaint on September 10, 2020.

On October 5, 2020, the court advised plaintiffs they must comply with the Affidavit of Merit (AOM) statute, N.J.S.A. 2A:53A-27, within sixty days of the filing of an answer to avoid dismissal of the complaint with prejudice. Counsel for defendants St. Joseph's, Dr. Michael Pompliano, Dr. Matthew J. Kraeutler, Dr. Jamshed Zuberi, and Dr. Eric Jesse Hwang answered the original complaint on October 13, 2020, and demanded the AOM for each named defendant. The court sent similar notices after each answer was filed, and an additional notice with the AOM requirements in red, totaling seven E-court notices to all counsel of record.

On December 2, 2020, plaintiffs filed an AOM by Dr. Hervey Sicherman, who is board-certified in orthopedic surgery. The affidavit was signed on October 8, 2020. Defendants' counsel wrote to plaintiffs' counsel on December 14, 2020, objecting to the AOM as to Dr. Zuberi, who is board-certified in general surgery and surgical critical care, and as to Dr. Hwang, who is board-certified in emergency medicine.

The court held its only Ferreira[2] conference on January 11, 2021, where defendants raised the AOM issue, asserting that plaintiffs failed to respond within sixty

---

[2] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003). Neither party provided copies of this conference, detailed its findings, nor argued any errors.

A-3744-20

days after defendants' answer, which fell on December 12, 2020.  Thus, plaintiffs were aware of the required AOM as to each named defendant pursuant to N.J.S.A. 2A:53A-26 to -29 by the Ferreira conference, at the latest.

On January 18, 2021, plaintiffs filed an amended complaint, naming individual nurses Lourdes Verrone, RN, Teresa Magrini, RN, Susan Reyes, RN, Latasha Middlebrook, RN, and Shanzida Ali, RN.  Defendants filed their answer to the amended complaint on January 22, 2021, demanding an AOM as to each named defendant.  On June 2, 2021, defendants moved to dismiss plaintiffs' complaint with prejudice as to Drs. Zuberi and Hwang, and Nurses Verrone, Magrini, Reyes, Middlebrook, and Ali.  The next day, plaintiff filed an untimely AOM as to just the nurses.

The parties appeared for oral argument on July 13, 2021.  Defendants argued that because no AOM was served until June 3, 2021, and no exceptional circumstances applied, a dismissal with prejudice was warranted as to the individually named nurses. Plaintiffs opposed.  Plaintiffs did not object to the motion as it applied to the doctors, Zuberi and Hwang, the untimeliness of which had already been raised at the January 2021 Ferreira conference.

Plaintiffs' counsel knew the AOM requirements but asserted, as to the nurses, that the COVID-19 pandemic impacted his personal practice.  Plaintiffs had an expert sign the AOM as to the nurses, but the affidavit was not sent, and counsel took responsibility

4

for that omission asserting extraordinary circumstances and that this was an oversight on a meritorious claim with substantial injuries and ongoing treatment, with no prejudice as to the defendants as paper discovery was nearly complete and plaintiffs were ready for depositions scheduled for the previous month.

The court found:

> [T]hat the plaintiff has demonstrated extraordinary circumstances because of COVID-19 and not being in the office and the evidence of this is that the Affidavit of Merit was filed within one day after the motion to dismiss was filed and it's clear that this is a meritorious claim that should proceed and the plaintiffs should not suffer because of COVID-19 and the circumstances that [plaintiffs' counsel] had to overcome and it has just shown that since he filed the Affidavit of Merit one day after the motion was filed that he has demonstrated extraordinary circumstances.

The court concluded: "[T]he motion is denied and of course the motion is going to be granted as to the other nurses where there is no opposition." The court did not specify any "other nurses," nor did it mention the doctors.[3] On July 14, 2021, the court entered its written order denying the motion to dismiss the complaint for failing to serve appropriate AOMs as to Nurse Verrone, Nurse

---

[3] The parties did not object at the time, and the record suggests that the trial court simply misspoke as to "other nurses" and meant the doctors Zuberi and Hwang, which was confirmed at oral argument in this appeal.

A-3744-20

Magrini, Nurse Reyes, Nurse Middlebrook, and Nurse Ali. This appeal by the nurse defendants followed.

Defendants argue the court erred when it found extraordinary circumstances without evidence that the COVID-19 pandemic actually prevented plaintiffs' timely service of an AOM. We agree because we do not find extraordinary circumstances in this case.

We review de novo the trial court's determination of the motion to dismiss under Rule 4:6-2(e) and owe no deference to the trial court's legal conclusions. Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019) (citations omitted). We review a finding of extraordinary circumstances to excuse noncompliance with the AOM statute de novo. See A.T. v. Cohen, 231 N.J. 337, 350 (2017).

In Ferreira, the New Jersey Supreme Court explained the purpose of the AOM statute:

> The Affidavit of Merit statute was intended to flush out insubstantial and meritless claims that have created a burden on innocent litigants and detracted from the many legitimate claims that require the resources of our civil justice system. The statute was not intended to encourage gamesmanship or a slavish adherence to form over substance. The statute was not intended to reward defendants who wait for a default before requesting that the plaintiff turn over the affidavit of merit.

6

The AOM statute provides a timeline to meet its requirements:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within [sixty] days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed [sixty] days, to file the affidavit pursuant to this section, upon finding of good cause.
>
> [N.J.S.A. 2A:53A-27.]

The Ferreira Court announced a rule applying the purpose of the statute and its temporal requirements, while comparing two scenarios. 178 N.J. at 154.

> The rule we announce in this case will further the fundamental purpose of the Affidavit of Merit statute. In a case where the plaintiff has in hand an affidavit within the 120-day statutory period and serves the affidavit on defense counsel outside that time frame but before defense counsel files a motion to dismiss, the defendant shall not be permitted to file such a motion based on the late arrival of the affidavit. If defense counsel files a motion to dismiss after the 120-day deadline and before plaintiff has forwarded the

7

> affidavit, the plaintiff should expect that the complaint will be dismissed with prejudice provided the doctrines of substantial compliance and extraordinary circumstances do not apply. That formulation places strong incentives on both plaintiffs' and defense counsel to act diligently.
>
> [Ibid. (emphasis added).]

Our Supreme Court provided judicial omnibus Orders, including deadline extensions, to address the complications to daily life caused by the COVID-19 pandemic. The seventh judicial omnibus Orders ended the extension to file AOMs as of July 26, 2020, eleven months prior to the plaintiffs' deadline to comply in this case. COVID-19 – Seventh Omnibus Ord. on Ct. Operations & Legal Prac., "Concluding Certain General Extensions; Continuing Individualized Adjustments" ¶ 4(b) (July 24, 2020).

Defendant nurses moved to dismiss the day after the 120-day period ended, and plaintiffs filed an AOM as to the nurses the following day. Plaintiffs needed to show substantial compliance or extraordinary circumstances to overcome the expected dismissal with prejudice. Plaintiffs showed neither.

Unlike in A.T., 231 N.J. at 349-50, plaintiffs' counsel was experienced in medical malpractice cases and understood the AOM requirements. The court held a Ferreira conference, unlike the court in A.T., and sent several e-Courts notices referencing the timeline to all counsel of record. The court did not hold

a separate <u>Ferreira</u> conference as to the nurses, nor provide separate notice. Multiple conferences were not required, and the <u>Paragon</u> and <u>A.T.</u> courts warn against relying on the conference schedule to avoid the AOM timeline. <u>Paragon Contractors, Inc. v. Peachtree Condo. Ass'n</u>, 202 N.J. 415, 426 (2010); <u>A.T.</u>, 231 N.J. at 348.

As to the COVID-19 circumstances, plaintiffs' counsel asserts, as to the nurses, that COVID-19 impacted his personal practice. Counsel, his assistants, and his associates had not been in the same location for sixteen months. He asserted his office closed down, his practiced was disrupted, and scheduling was turned "upside down." While challenging for the world and counsel, the pandemic and remote work was not, standing alone, an ongoing extraordinary circumstance sufficient to avoid statutory requirements. Although these were challenging circumstances, plaintiffs did not explain how circumstances from pandemic challenges created delay in the individual case.

Instead, plaintiffs' circumstances exhibit and admit attorney inadvertence. <u>A.T.</u>, 231 N.J. at 349. Plaintiffs' counsel admitted the oversight, citing COVID-19 remote work, without a specific explanation of how COVID-19 extraordinarily impacted timely service of this AOM.

A-3744-20

We reverse the denial of the defendant nurses' motion to dismiss and remand for further proceedings.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3744-20